SIDEPOCKETS, INC., d/b/a Keepers, a Connecticut Corp., Plaintiff,

v.

CITY OF MILFORD, CONNECTICUT, a Municipal Corp., Defendant.

Civil No. 3:03CV02134(AWT).

United States District Court, D. Connecticut.

Dec. 14, 2007.

Daniel A. Silver, Law Office of Daniel A. Silver, New Britain, CT, Bradley J. Shafer, Shafer & Associates, PC, Lansing, MI, for Plaintiffs.

Anthony B. Corleto, Brian S. Frank, Wilson, Elser, Moskowitz, Edelman & Dicker, Stamford, CT, Scott D. Bergthold, Law Office of Scott D. Bergthold, PLLC, Chattanooga, TN, for Defendant.

### *MEMORANDUM OF DECISION*

ALVIN W. THOMPSON, District Judge.

For the reasons set forth below, the defendant's motion to dismiss is being denied.

In August 2003, the City of Milford (the "City"), by and through its Board of Aldermen, enacted certain revisions to the City's "Ordinance Regulating Adult–Oriented Establishments" (as revised in August 2003, the "Ordinance"), which was codified in Chapter 2.3 of the City's Code of Ordinances. Subsequently, the City took the position that the plaintiff, Sidepockets Inc., d/b/a Keepers, Inc. ("Keepers"), operated an "adult-oriented establishment" within the meaning of the Ordinance. On December 9, 2003, the plaintiff filed this lawsuit challenging the constitutionality of the Ordinance. The City agreed not to enforce the Ordinance while the litigation was pending. Effective May 18, 2007, the City repealed the Ordinance and replaced it with a new ordinance. The plaintiff has challenged the new ordinance in Case No. 3:07–CV–01231(AWT).

■ The repeal of an ordinance generally moots a challenge to the constitutionality of that ordinance. However, "when a plaintiff requests damages, as opposed to only declaratory or injunctive relief, changes to or repeal of the challenged ordinance may not necessarily moot the plaintiff's constitutional challenge to that ordinance." *Crown Media, LLC v. Gwinnett County, GA*, 380 F.3d 1317, 1325 (11th Cir.2004). *See also Buckhannon Board & Care Home v. W. Va. Department of Health & Human Res.*, 532 U.S. 598, 608–09, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) ("[S]o long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case.").

■ In this case, Keepers contends that it has sustained damages as a result of the Ordinance in at least three ways. First, Keepers alleges that it incurred damages while being subject to the Ordinance from August 2003 until December 2003, when the City decided not to enforce the Ordinance during the pendency of this litigation. In support of this claim, the plaintiff has submitted the affidavit of Joseph Regensberger, the President of Keepers. Regensberger avers,

> During the period Keepers was subject to Chapter 2.3 as amended, and in my opinion, based on my knowledge and experience in the industry, as a direct result of actions taken to comply with the provision of Chapter 2.3, Keepers experienced as [sic] decrease in the demand for expressive performance dance entertainment and the amount presented, as well as a corresponding reduction in and loss of revenue and business profits.

(Regensberger Aff. ¶ 20). The City argues that Keepers fails to allege any specific, objective harm that it sustained as a result of the Ordinance being in effect from August to December 2003. It also contends that Keepers fails to allege that it modified its behavior in any way in response to the enactment of the Ordinance. Although the Regensberger affidavit does not specify the actions taken by Keepers to comply with the Ordinance and does not specify the amount of the loss in revenue and profits, the allegations contained in the affidavit state a claim that Keepers suffered damages and the damages were suffered as a result of the conduct of the City. These allegations are sufficient to survive a motion to dismiss. It is not appropriate for the court to address, pursuant to a motion to dismiss, whatever problems of proof Keepers may encounter in establishing the nexus between compliance with the Ordinance and the economic harm it alleges it suffered.

■ Second, Keepers contends that it sustained damages as a result of the Ordinance because it decided not to undertake renovations of its establishment that would have led to increased profitability. Specifically, Regensberger alleges that he had plans to transform Keepers into a more "upscale entertainment and dining venue" that would have attracted "more desirable and skilled entertainers," and therefore "a more numerous and monied clientele." (*Id.* at ¶ 14). The City argues that the alleged loss of profits from the failure of Keepers to proceed with renovation plans is too attenuated from the alleged constitutional violation allegedly resulting from the Ordinance. However, in his affidavit, Regensberger alleges a link between the alleged constitutional violation and the Ordinance. He avers,

> If the buffer-zone regulation and other provisions of Chapter 2.3 were to once again take effect and Keepers was once again subject to the enforcement of those provisions, the proposed dining area and other renovations would not be feasible, and based on my knowledge

and experience, Keepers would not be able to continue operating in a financially feasible manner.[1] (*Id.* at ¶ 17). In the next paragraph, Regensberger states, "I decided not to proceed further with the planned renovations due to the existence of the amended Ordinance and resultant fear that the regulations and restrictions could once again become effective and be enforced at an unknown future time." (*Id.* at ¶ 18). These allegations are sufficient to state a viable claim for damages. Again, whether Keepers would be able to prove that its decision not to undertake planned renovations was directly attributable to the Ordinance is not an appropriate question for the court to address on a motion to dismiss.

■ Third, Keepers alleges that it sustained damages as a result of paying a $500 license renewal fee under the Ordinance for each of the years 2004, 2005, 2006, and 2007. The City contends that Keepers' payment of this fee was voluntary given the City's decision to refrain from enforcement of the Ordinance after the lawsuit was filed, and therefore, there can be no claim for damages based on paying those fees. However, Keepers alleges that the payment of this fee was required, and that the City willingly accepted each payment. Whether the fee was voluntary or required is a factual issue not properly resolved pursuant to a motion to dismiss.

■ Finally, Keepers maintains that it is entitled to nominal damages upon proof of a substantive constitutional violation, even if it suffered no actual damages. In *O'Connor v. City and County of Denver*, 894 F.2d 1210, 1216 (10th Cir.1990), the Tenth Circuit concluded, "There is no question that the nominal damages sought in this case were past damages not affected by any changes in the Code. We hold that repeal and amendment of the Code did not moot plaintiffs' claims for *nominal damages*."

Based on the foregoing, the court finds that, although Keepers cannot pursue a claim for injunctive or declaratory relief with respect to the Ordinance because it is no longer in effect, this case is not moot because Keepers has claims for damages arising out of past conduct.

■ In addition, repeal of a statute will not moot a constitutional challenge to that statute if the alleged constitutional violation resulting from the statute is reasonably likely to recur. "The voluntary cessation of allegedly illegal conduct usually will render a case moot 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 375 (2d Cir.2004). Some deference must be accorded to a governmental entity's "representations that certain conduct has been discontinued." *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 59 (2d Cir.1992). "Mindful of the deference due the legislative body," the court in *Lamar* noted it was "hesitant to hold that significant amendment or repeal of a challenged provision that obviates the plaintiff's claims does not moot a litigation, absent evidence that the defendant intends to reinstate the challenged statute after the litigation is dismissed, or that the municipality does not believe that the amendment renders the case moot." *Lamar*, 356 F.3d at 377. However, the court also stated that "a

---

1. The "buffer-zone" refers to the distance that entertainers must keep from patrons or customers while in a state of semi-nudity. (*See* Regensberger Aff. ¶ 20).

plaintiff's claims will not be found moot where the defendant's amendments are merely superficial or the law, after amendment, suffers from the same infirmities as it did at the outset." *Id.* In *Northeastern Fla. Chap. of the Associated Gen. Contractors of America v. City of Jacksonville,* 508 U.S. 656, 662, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993), the Court refused to hold that a controversy was moot because changes to an ordinance were alleged to inflict the same injuries, but only to a lesser extent. The Court stated that its precedents do not "stand for the proposition that it is only the possibility that the selfsame statute will be enacted that prevents a case from being moot; if that were the rule, a defendant could moot a case by repealing the challenged statute and replacing it with one that differs only in some insignificant respect." *Id.*

■ In the instant case, many of the restrictions on the operation of adult-oriented establishments that Keepers has challenged in this lawsuit are present in the new ordinance. Thus, the new ordinance is "sufficiently similar to the repealed ordinance that it is permissible to say that the challenged conduct continues." *Id.* at n. 3.[2] Therefore, because the City has not demonstrated that the Ordinance was "sufficiently altered" so as to alleviate the worry that "the challenged conduct was being repeated," the repeal of the Ordinance does not moot the case. *Id.*

For the reasons set forth above, Defendant's Motion to Dismiss (Doc. No. 102) is hereby DENIED.

It is so ordered.

---

**2.** In so holding, the court is not concluding that there are no material differences between the two ordinances, but rather only that many of the regulations that allegedly violate constitutional rights persist, albeit in slightly different form.